UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH KAMP,

       Plaintiff,                          Hon. Gordon J. Quist

v.                                                     Case No. 1:21-cv-1025-GJQ

TIMOTHY HICKS,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action December 6, 2021, against the Honorable Timothy Hicks.[1] (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 5), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.[2]

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the

---

[1] Although not noted in the complaint, it is a matter of public record that Timothy Hicks is the Chief Judge for the 14th Circuit Court, Muskegon County, Michigan.

[2] This case was initially assigned to the Honorable Paul L. Maloney. On December 22, 2021, Chief Judge Robert Jonker reassigned this case to the Honorable Gordon J. Quist pursuant to an administrative order. (ECF No. 4).

1

speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

2

In his two-page "complaint," Plaintiff simply includes a number of largely indecipherable notes, along with the following: "can a Judge be a plaintiff vs Judge-Congress-oath tvidio [sic] yahoo know a cbd co. 1871 peck. 49444 del sol." (ECF No. 1, PageID.2). Because he has failed to allege any facts that would entitle him to relief, Plaintiff's complaint fails to state a claim on which relief may be granted.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) be dismissed for failure to state a claim on which relief may be granted. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

    Respectfully submitted,

Date: December 29, 2021    /s/ Phillip J. Green
    PHILLIP J. GREEN
    United States Magistrate Judge